# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**PAMELA KAY BUFORD**                                                          **PLAINTIFF**

**V.**                          **CIVIL ACTION NO. 1:20-CV-74-DAS**

**COMMISSIONER OF SOCIAL SECURITY**                               **DEFENDANT**

## FINAL JUDGMENT

Plaintiff Pamela Kay Buford filed suit under 42 U.S.C. § 405(g) for judicial review of the unfavorable decision of the Commissioner of Social Security regarding an application for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income. Docket 1. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provision of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 15. The Court, having considered the record, the administrative transcript, the briefs of the parties, and the applicable law, and for the reasons set forth on the record at the conclusion of the hearing, finds that the Commissioner's decision is not supported by substantial evidence.

The plaintiff raised three issues on appeal, and the court finds that issues one and three warrant remand. First, the plaintiff alleges that the ALJ erred when he declined to admit Dr. Booth's medical source statement because the requirements of 20 CFR 404.935(b) and 416.1435(b) were not met. 20 CFR § 404.935(b) permits the ALJ to accept untimely-submitted evidence if the ALJ has not issued a decision and the failure to submit or inform the Commissioner of the evidence resulted from an "unusual, unexpected, or unavoidable circumstance" beyond the plaintiff's control. 20 CFR § 404.935(b)(3). The regulation provides examples of such circumstances, including where the plaintiff has "actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business

days prior to the hearing." 20 CFR § 404.935(b)(3)(iv). The court finds that the plaintiff's failure to submit Dr. Booth's medical source statement within the 10-day extension the ALJ permitted at the hearing was the result of an unavoidable circumstance beyond the plaintiff's control. The court further finds that the plaintiff actively and diligently sought to obtain the medical source statement and submitted it promptly upon receipt prior to the ALJ issuing his decision. Consequently, the court finds the ALJ erred when he did not submit Dr. Booth's medical source statement as an exhibit and is instructed to consider this opinion evidence on remand.

Second, the plaintiff contends the ALJ erred when he came up with the plaintiff's RFC by playing doctor. The plaintiff argues that "Dr. Gibbens' overall findings of minimal limitations [which the ALJ found partially persuasive] … were inconsistent with the overall evidence of record and were not supported by the evidence." However, the court notes that while the ALJ found Dr. Gibbens' consultative physical examination "somewhat consistent with the preponderance of the evidence," he "reduced the claimant's RFC even further to add mental limitations as well." Docket 11 at 19. Similarly, based on objective medical evidence received at the hearing level, the ALJ found the plaintiff to be more severely physically and mentally limited than the state agency physicians found at the initial and reconsideration levels. *Id*. at 22. Therefore, the court declines to find the ALJ erred when he formulated the RFC on this basis.

Finally, the plaintiff argues the ALJ erred when he failed to evaluate Dr. Whelan's consultative examination. Dr. Whelan's report is not specifically discussed in the ALJ's decision or exhibited in the record. While the record indicates that the state agency physicians reviewed Dr. Whelan's June 22, 2017 consultative examination in making their determinations, it was not included as an exhibit in the record before the ALJ. Docket 11 at 93, 107. The ALJ's decision explained that "additional evidence was received at the hearing level that determined the

claimant had additional …severe mental impairments," which may be a reference to Dr. Whelan's report; however, this court cannot ascertain whether and to what extent the ALJ considered Dr. Whelan's opinion in formulating the RFC because it is not specifically discussed in his decision.

The regulations provide that the Commissioner will "articulate in our determination or decision how persuasive we find *all* of the medical opinions…in your case record." 20 CFR 404.1520c(b) (emphasis supplied). Here, the ALJ erred when he failed to include Dr. Whelan's consultative examination report in the record and failed to articulate how persuasive he found Dr. Whelan's opinion in his decision. On remand, the ALJ must include Dr. Whelan's report as an exhibit in the record and consider his opinion in the decision.

For these reasons, the Commissioner's decision is reversed and remanded for a rehearing of the plaintiff's application under the fourth sentence of § 405(g).

**SO ORDERED**, this the 12th day of February, 2021.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**